1155 AVENUE OF THE AMERICAS, NEW YORK, NY 10036-2711                    **JENNER&BLOCK** LLP

Susan Kohlmann
Tel  +1 212 891 1690
SKohlmann@jenner.com

April 17, 2024

**VIA ECF**

The Honorable Katherine Polk Failla
United States District Judge
U.S. District Court for the Southern District of New York
40 Foley Square
New York, NY 10007-1312

>    Re:   *Finastra Technology, Inc. v. The Northern Trust Company*: 24-cv-02081 (S.D.N.Y.)

Dear Judge Failla:

In accordance with § 4.A of the Court's Individual Rules, we write on behalf of Defendant The Northern Trust Company ("Northern") to request leave to move for partial dismissal of Plaintiff Finastra Technology, Inc.'s ("Finastra's") Complaint and for a stay of discovery in the above-captioned matter.

**I. Background.** This commercial dispute arises from the wind-down of a longstanding licensing relationship between the parties. Northern has licensed some version of the subject Midas software ("Midas") since 1997 (Compl. ¶ 31) and is migrating off of Midas to a competing platform, a process it expects to substantially complete in the next few months (*id.* ¶¶ 50, 91). Finastra's five putative claims stem from two main allegations—that Northern (1) purportedly exceeded the scope of its Midas license prior to December 31, 2023; and (2) continues to use Midas after December 31, 2023, when, according to Finastra, the license expired. *Id.* ¶¶ 6–10. As explained in our April 3 letter, Northern strongly disputes both allegations. Even accepting the factual allegations as true, the Complaint suffers from several legal defects that warrant partial dismissal.

**II. Finastra's Copyright Damages Are Barred or Limited as a Matter of Law.** As a threshold matter, the Midas registration on which Finastra's copyright claims depend—a registration applied for and obtained only days before filing this case—is invalid because Finastra knew of or was willfully blind to inaccurate information in that application. Before the Court can rule on the validity of Finastra's registration, it must "request the Register of Copyrights to advise the court whether the inaccurate information, if known, would have caused the Register of Copyrights to refuse registration." *See Palmer/Kane LLC v. Gareth Stevens Publ'g*, 2016 WL 6238612, at *1 n.1 (S.D.N.Y. Oct. 24, 2016) (quoting 17 U.S.C. § 411(b)(2)). Northern is concurrently filing a letter seeking permission to file a motion under 17 U.S.C. § 411(b)(2) for the Court's referral to the Copyright Office.

Registration defects aside, Finastra asserts two putative copyright infringement claims—one for Northern's use of Midas after December 31, 2023 (Count I)[1] and one for Northern's "historical usage" before December 31, 2023 (Count II). Compl. pp.23–25. Both claims have legal deficiencies.

<u>Finastra cannot recover statutory damages</u>. Finastra incorrectly claims that it is entitled to statutory damages under 17 U.S.C. § 504(c). *Id.* ¶ 101 & p.29. Statutory damages are *not* available for "any infringement of copyright commenced after first publication of the work and before the effective date of its registration, unless such registration is made within three months after the first publication of the work." *See* 17 U.S.C. § 412(2); *see also Troll Co. v. Uneeda Doll Co.*, 483 F.3d 150, 158–59 (2d Cir. 2007). Here, Finastra alleges that it "first published" the Midas software in 2000 (more than 20 years ago), that Northern's infringement "commenced" on or before January 1, 2024, and that Finastra registered Midas on March 11, 2024. Compl. ¶¶ 26, 99, 104. Accordingly, its own pleading disentitles Finastra to statutory damages.

<u>Count II must be dismissed to the extent it seeks damages before March 15, 2021</u>. Binding Second Circuit law provides that "under the Copyright Act, a plaintiff's recovery is limited to damages incurred during the three years prior to filing suit," irrespective of whether the claim is itself time barred. *See Sohm v. Scholastic Inc.*, 959 F.3d 39, 51–52 (2d Cir 2020). Count II does not specify the period for which Finastra seeks damages, but Finastra's allegations date back more than two decades, and it seeks "not less than $100,000,000" in actual copyright damages, suggesting a much longer damages period than permitted by law. *See* Compl. ¶¶ 31–48 (detailing history from 1997 to 2019). Any claim for damages allegedly incurred before March 15, 2021 should be dismissed.[2]

**III. Finastra's Contract Claim Is Preempted and Deficiently Pled.** In Count III, Finastra asserts a putative breach of contract claim "in the alternative." Compl. p.26. Finastra lists seven license agreements and summarily asserts that Northern "used the Midas R4 software far beyond the terms provided for" in those licenses. *Id.* ¶ 108. But the Copyright Act preempts contract claims where, as here, (1) the work at issue "falls within the type of works protected by the Copyright Act" and (2) the claim seeks to vindicate "rights that are equivalent to one of the bundle of exclusive rights already protected by copyright law." *Universal Instruments Corp. v. Micro Sys. Eng'g, Inc.*, 924 F.3d 32, 48 (2d Cir. 2019). The license agreements Finastra cites clearly cover the same copyrighted "work"—Midas. The only question is whether breaching those agreements would require an "extra element" of conduct beyond that which "would infringe one of the exclusive rights" established by copyright. *Id.* It would not. As the Second Circuit recently explained, "preemption cannot be avoided simply by labeling a claim 'breach of contract.'" *Id.* at 48–49 (internal quotation marks and citation omitted). Both "a licensee whose license had expired" and one "whose use arguably exceeds the scope, rather than the duration, of a license" have claims "for copyright infringement, not breach of contract." *Id.* at 49; *see also Neu Prods., Inc. v. Outside Interactive, Inc.*, 2024 WL 1161498, at *8 (S.D.N.Y. Mar. 19, 2024). Thus, whether Finastra's contract claim is prospective (for alleged ongoing use of Midas) or retrospective (for alleged past overuse of Midas), it is preempted by the Copyright Act. Beyond preemption, Finastra's breach of contract claim suffers from another fundamental defect: the Complaint does not "identify the

---

[1] Northern reserves its arguments regarding its continuing perpetual license for summary judgment.

[2] Finastra's claims arising before March 2021 are also time barred under 17 U.S.C. § 507(b) because they were not "commenced within three years after the claim accrued."

specific provisions of a contract that it alleges [Northern] has violated" and therefore fails to put Northern on notice of its alleged breach. *Alterescu v. N.Y.C. Dep't of Educ.*, 2022 WL 3646050, at *14 (S.D.N.Y. Aug. 23, 2022) (Failla, J.).

**IV. The Trade Secret Claims Fail.** Finastra asserts that Northern misappropriated its trade secrets in violation of the Defend Trade Secrets Act, 18 U.S.C. § 1836 ("DTSA") and New York common law by "continuing to possess and use" Midas after December 31, 2023, in supposed breach of the governing licensing agreement. Compl. ¶¶ 114, 116. Typical trade secret claims surrounding software involve allegations that a company exploited proprietary information to create a competing product; not, as here, that a software licensee winding down its use of the software has allegedly overstayed its welcome. Finastra fails in its attempt to stretch these facts into trade secret claims.

Finastra does not adequately allege a trade secret. Trade secrets "are a narrow category of confidential information; to survive a motion to dismiss, a party alleging that it owns a trade secret must put forth specific allegations as to the information owned and its value." *Elsevier Inc. v. Doctor Evidence, LLC*, 2018 WL 557906, at *4 (S.D.N.Y. Jan. 23, 2018) (collecting cases). Finastra spends a mere three sentences describing purported "trade secrets" associated with the Midas software. Compl. ¶¶ 27, 112. Listing generic software components, capabilities, and training manuals—and labeling them "unique"—does not state a claim. *See Alexander Interactive, Inc. v. Leisure Pro Ltd.*, 2014 WL 4651942, at *5 (S.D.N.Y. Sept. 16, 2014) (a plaintiff's "HTML, CSS, and Javascript," "Website Testing," and source code were not adequately alleged trade secrets).

Finastra does not adequately allege that it protected trade secrets from disclosure. Finastra also does not adequately allege that it took sufficient measures to protect any purported trade secrets. The "most critical" factor in a trade secrets analysis is whether a plaintiff has truly guarded the secrecy of the information at issue. *Sapir v. Rosen*, 2021 WL 448227, at *6 (S.D.N.Y. Sept. 30, 2021). If, like here, a purported trade secret consists "'primarily, if not entirely,' of a computer software's functionality"—which is "made apparent to all users of the program"—courts focus on "who is given access, and on the importance of confidentiality and nondisclosure agreements to maintaining secrecy." *Turret Labs USA, Inc. v. CargoSprint, LLC*, 2022 WL 701161, at *2 (2d Cir. Mar. 9, 2022) (collecting cases). Conspicuously absent from the Complaint is any allegation that Finastra required Northern or its many other licensees to sign nondisclosure agreements before using Midas, or that Finastra's predecessors (Compl. ¶¶ 25, 31) preserved supposed trade secrets associated with the software. Although Finastra mentions licensing restrictions that purportedly reflect its "diligence" (*id.* ¶ 34), none targets confidential information, let alone trade secrets.

**V. Discovery Should Be Stayed.** Consistent with the Court's "standard practice" of entering case management plans "only after the conclusion of motion to dismiss briefing," *see* Dkt. 24, Northern requests that the Court stay discovery pending resolution of its motion to dismiss. A stay would avoid undue expense, encourage proportional discovery once the scope of each claim is determined, and would not prejudice Finastra given the lack of urgency surrounding its claims.

We appreciate the Court's consideration of this pre-motion letter.

Respectfully submitted,

/s/ *Susan Kohlmann*
Susan Kohlmann

*Counsel for Defendant*
*The Northern Trust Company*

cc:    Counsel of Record (via ECF)