1155 AVENUE OF THE AMERICAS, NEW YORK, NY 10036-2711                    **JENNER&BLOCK** LLP

April 17, 2024

Susan Kohlmann
Tel +1 212 891 1690
SKohlmann@jenner.com

**VIA ECF**

The Honorable Katherine Polk Failla
United States District Judge
U.S. District Court for the Southern District of New York
40 Foley Square
New York, NY 10007-1312

    **Re:** *Finastra Technology, Inc. v. The Northern Trust Company*: 24-cv-02081 (S.D.N.Y.)

Dear Judge Failla:

In accordance with § 4.A of the Court's Individual Rules, we write on behalf of Defendant The Northern Trust Company ("Northern") requesting leave to move, under 17 U.S.C. § 411(b)(2), to refer to the Register of Copyrights a question regarding the validity of the copyright registration of Plaintiff Finastra Technology, Inc. ("Finastra") that is the subject of the above-captioned matter. As explained below, referral is required because Finastra furnished inaccurate authorship and publication date information in its registration application. Concurrent with this letter, Northern is also submitting to the Court a letter requesting leave to move for partial dismissal of Finastra's Complaint, which motion would address defects in Finastra's copyright claims independent of the registration validity concerns addressed below, as well as defects in Finastra's trade secret and contract claims.

**I.    Background**

Finastra asserts two copyright infringement claims based on its recently-filed registration. Compl. ¶¶ 97–106. Both are based on a putative copyright for Finastra's Midas Release 4 enterprise banking software ("Midas"). *Id.* ¶ 3. According to the Complaint, a company known as Misys International Banking Systems Inc. "launched the Midas Release 4 enterprise banking software" in 2000. *Id.* ¶ 25; *see also id.* ¶ 26 ("Finastra first published the copyrighted Software in 2000."). Finastra alleges that it registered the Midas copyright (No. TX009368682) with the Copyright Office effective March 11, 2024, *id.* ¶ 26, just four days before Finastra filed this case under seal. The registration, available online via the Copyright Office's public catalog, is reproduced below.

| | |
|---|---|
| **Type of Work:** | Computer File |
| **Registration Number / Date:** | TX0009368682 / 2024-03-11 |
| **Application Title:** | Midas R4. |
| **Title:** | Midas R4. |
| **Description:** | Electronic file (eService) |
| **Copyright Claimant:** | Finastra Technology, Inc. Address: 744 Primera Blvd., Suite 2000, Lake Mary, FL, 32746. |
| **Date of Creation:** | 2000 |
| **Date of Publication:** | 2001-01-01 |
| **Nation of First Publication:** | United States |
| **Authorship on Application:** | Finastra Technology, Inc., employer for hire; Domicile: United States. Authorship: computer program. |
| **Previous Registration:** | 1981, TXu000076201. |
| **Pre-existing Material:** | computer program. |
| **Basis of Claim:** | computer program. |
| **Names:** | Finastra Technology, Inc. |

CENTURY CITY   CHICAGO   LONDON   LOS ANGELES   NEW YORK   SAN FRANCISCO   WASHINGTON, DC      JENNER.COM

**II.     The Court Should Refer Finastra's Registration to the Copyright Office Because Finastra Knowingly Submitted an Inaccurate Application.**

A valid copyright registration is generally a prerequisite to a civil action for infringement. *See* 17 U.S.C. § 411(a). Finastra cannot make that threshold showing because it knowingly[1] included in its registration at least two pieces of inaccurate information.

Congress created a statutory mechanism in 17 U.S.C. § 411(b) to address circumstances just like this, where the Court is being asked to expend judicial resources evaluating the merits of Finastra's claims (and Northern's defenses) based on a deficient registration. Section 411(b) provides that, where inaccurate information "was included on the application for copyright registration with knowledge that it was inaccurate" the Court "shall request the Register of Copyrights to advise the court whether the inaccurate information, if known, would have caused the Register of Copyrights to refuse registration." *Id.* § 411(b)(1)–(2); *see Palmer/Kane LLC v. Rosen Book Works LLC*, 188 F. Supp. 3d 347, 348–49 (S.D.N.Y. 2016) (referral "is mandatory in nature" once a court determines that "(1) the registration application included inaccurate information; and (2) the registrant knowingly included the inaccuracy in his submission to the Copyright Office" (quoting *DeliverMed Holdings LLC v. Schaltenbrand*, 734 F.3d 616, 625 (7th Cir. 2013))). Under these standards, referral is necessary.

*First*, the registration includes an inaccurate statement of authorship. As shown above, Finastra listed itself ("Finastra Technology, Inc.") as Midas's author, even though Finastra Technology, Inc. did not exist until 2017, many years after Midas was supposedly created. Indeed, Finastra's own Complaint identifies not Finastra as Midas's author, but Misys International Banking Systems Inc. ("Misys"). *See* Compl. ¶ 25. But even that appears to be inaccurate, because Misys was actually named Midas-Kapiti International Inc. in 2000, the year Midas was launched, according to the Complaint. *Id.* In any event, according to public records, Misys was a Delaware corporation separate from Finastra prior to 2003.[2] In short, when Midas was allegedly created and published, (1) Plaintiff Finastra, the purported author of Midas according to its recently-obtained registration, did not exist as such; and (2) Misys, the entity alleged in the Complaint as Midas's publisher, was separate from the entity that ultimately became Finastra. The Copyright Office would not knowingly issue a registration claiming authorship by the wrong entity.

*Second*, the registration includes an inaccurate publication date. As shown above, the registration claims that Midas was published on New Year's Day in 2001 (January 1, 2001). Even putting aside the implausibility of publishing banking software on New Year's Day, Finastra's registration is inconsistent with its own Complaint, which alleges that Misys "first published the copyrighted

---

[1] Willful blindness to the truth qualifies as knowledge. *See Unicolors, Inc. v. H&M Hennes & Mauritz, L.P.*, 595 U.S. 178, 187–89 (2022).

[2] Plaintiff is a New York corporation. Compl. ¶ 22. According to the New York State Department of State, Division of Corporations, Finastra Technology, Inc. was previously known as "Misys International Banking Systems (White Plains) Inc." from January 15, 2002 until July 21, 2017 and before then was known as "The Frustum Group, Inc." According to Delaware corporate records, on or around May 1, 2003, the Delaware entity Misys—the entity alleged in the Complaint to have launched Midas—was merged into the New York entity that eventually became Finastra Technology, Inc. Thus, Finastra Technology, Inc. might have succeeded to the rights of the Delaware entity Misys, but they were not the same entity before 2003.

Software in 2000," not 2001. Compl. ¶ 26. Moreover, the Complaint and the registration are *both* inconsistent with public statements by Misys announcing Midas in December 2001 and touting that it would be released to customers in 2002.[3]

Respectfully, based on the inaccurate information Finastra knowingly included in its registration, the Court must now "request the Register of Copyrights to advise the court whether the inaccurate information, if known, would have caused the Register of Copyrights to refuse registration." 17 U.S.C. § 411(b)(2). Although the Midas registration deficiencies are apparent, this Court "must first obtain the Register's guidance before finding that the provision of knowingly inaccurate information would have caused the Register to refuse registration." *See Beverly Hills Teddy Bear Co. v. Best Brands Consumer Prods.*, 2020 WL 3000343, at *2 (S.D.N.Y. June 4, 2020).

Such misstatements are material. Courts in this district have made such referrals based on similar inaccuracies. *See, e.g.*, *Basu Grp., Inc. v. Seventh Ave., Inc.*, 2018 WL 2938994, at *1 (S.D.N.Y. Mar. 31, 2018) (referring question to the Copyright Office where "material issues of fact exist as to the validity of the copyright," specifically "whether the date of first publication listed"—New Year's Day—was accurate); *Palmer/Kane*, 188 F. Supp. 3d at 351–52 (referring question to Copyright Office where registrant incorrectly claimed work was unpublished at time of registration). As the Register of Copyrights explained in response to at least one such referral, "the Copyright Office would not have registered" the copyrighted software "if it had known that the application provided incorrect dates of first publication and/or completion." *See* "Response of the Register of Copyrights to Request Pursuant to 17 U.S.C. § 411(b)(2)," Dkt. 272-1, *dmarcian, Inc. v. DMARC Advisor BV*, No. 1:21-cv-00067-MR (W.D.N.C. Oct. 16, 2023).

We appreciate the Court's consideration of Northern Trust's request to file a motion for referral.

Respectfully submitted,

/s/ *Susan Kohlmann*
Susan Kohlmann

*Counsel for Defendant*
*The Northern Trust Company*

cc:  Counsel of Record (via ECF)

---

[3] *See* The Global Treasurer, "Misys Launches New Generation Midas Banking Solution" (Dec. 18, 2001) (Misys "announced the launch of Midas Release 4"), *available at* https://www.theglobaltreasurer.com/2001/12/18/misys-launches-new-generation-midas-banking-solution; Finextra, "Misys previews Midas Release 4" (Dec. 13, 2001) (noting Midas R4 was "scheduled for shipping in the first quarter 2002"), *available at* https://www.finextra.com/newsarticle/4138/misys-previews-midas-release-4. The registration also says that the Midas R4 software was created in 2000. If the software was not released until 2002, that is highly unlikely.